UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   No. 1:22-cr- |
| | ) |
| | ) |
| SCOTT TARR | ) |

**PROSECUTION VERSION OF THE OFFENSE**

From about October 6, 2020 and continuing about April 1, 2021 in the District of Maine, defendant Scott Tarr knowingly possessed a cellular telephone that contained video files and images of child pornography as defined in Title 18, United States Code, Section 2256(8)(A). These images had been shipped and transported in interstate and foreign commerce and were produced using materials that had been shipped and transported in interstate in foreign commerce.

Specifically, Tarr used his cell phone to search for and download images and videos of child pornography over the internet. He stored these images on his phone and used his phone to send some of these images to others over the internet.

The child pornography files Tarr received and maintained were produced outside the State of Maine and came to his possession via the internet. Moreover, these child pornography files were produced using materials that had traveled in interstate and foreign commerce, to include the cellular telephone onto which Tarr placed the files and where he viewed and maintained them.

Some of the files possessed by Tarr on his cell phone depicted prepubescent minors engaged in sexual conduct. One such video, with filename "download (62).img.pg.jpeg" showed

1

a girl of about three years lying on her back, nude, as an adult male inserts his penis into her vagina.

Tarr admitted to law enforcement that he had used his phone to download and transmit child pornography.

If this case were to proceed to trial, the government would produce law enforcement testimony concerning the seizure of the cell phone from Tarr's home.  The government would also produce testimony concerning Tarr's admissions that he owned the subject phone, that he used it to view child pornography, and that he had in fact transmitted child pornography he knowingly possessed using the internet.  The government would further produce recordings of the same admissions.

The government would also produce the cellular telephone containing child pornography files and present the files themselves in viewable form.  The government would further present expert and lay testimony concerning the place of manufacture of the defendant's device outside the United States, as well as law enforcement testimony concerning the identity of some of the depicted individuals as actual children living outside the State of Maine when the images and videos were produced.  It would also produce testimony describing forensic evidence that images on the phone were downloaded from the internet, and testimony concerning the functionality of the chat rooms and social media platforms used by Tarr, specifically how they use interstate wire transmissions to communicate information over the internet.

Dated this 14th day of January 2022

                                              Respectfully submitted,

                                              DARCIE N. MCELWEE
                                              United States Attorney

                                              /s/ Chris Ruge
                                              Chris Ruge