**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:22-cr-00005-JAW |
| SCOTT TARR | |

**GOVERNMENT RESPONSE TO DEFENDANT'S MOTION
TO DISMISS**

The government respectfully submits the following response in opposition to the defendant's motion to dismiss dated November 29, 2024, and docketed at ECF docket number 40.

**INTRODUCTION**

The defendant's motion to dismiss cannot be granted because (1) the judgement in this case is final and not subject to modification by the District Court, (2) the defendant's failure to make a timely motion before his guilty plea constitutes a waiver of this motion to dismiss, and (3) the factual claim does not support a motion to dismiss the case.

**BACKGROUND**

The defendant pleaded guilty to an information, thus avoiding trial and a significant portion of pretrial procedure.  Dkt. #14.  Nonetheless, the record in this matter does reflect facts acknowledged by the defendant at his plea and at his sentencing, specifically in the acknowledged Prosecution Version of the Offense (Dkt. #4) and the uncontested portions of the Presentence Report ("PSR," Dkt.#21).  This record is sufficient to provide proper context for the defendant's claim.

Tarr's residence in Guilford, Maine was the subject of two state search warrants. Dkt. #21, ¶¶ 4-11. The first was executed on July 1, 2020. *Id.*, ¶ 4. While the Maine State Police continued the investigation and review of seized materials, Tarr was again the subject of tips regarding trafficking child pornography. A second state search warrant was executed on April 2, 2022. Id., ¶ 10. This warrant also discovered devices, and specifically cell phones, containing child pornography. Tarr admitted to his possession and trafficking of child pornography in both instances. Id., ¶¶ 4, 10. At the plea colloquy, the government described evidence that would otherwise have been produced at trial. Dkt. ## 14, 4.

The docket in this case indicates that the defendant did not appeal his conviction or sentencing, and the judgment was therefore final no later than January 20, 2023. The defendant filed no other post-judgment pleading prior to the present motion docketed on December 5, 2024.

## ARGUMENT

The defendant's present motion is styled and docketed as a motion to dismiss, and the subject matter of the motion pertains to motions required to be filed before trial by Rule 12 of the Federal Rules of Criminal Procedure. The defendant claims that there was an illegal search of an outbuilding on his property, and he requests dismissal of the case. Even construing the defendant's claims liberally, no relief can be granted, let alone the extraordinary relief requested.

**1. The Court does not have jurisdiction to grant the requested relief.**

As a preliminary matter, the defendant's judgment is final and not subject to a motion to dismiss. *See Dillon v. United States*, 560 U.S. 817, 824-25 (2010) (recognizing a general rule of finality in criminal judgments). A judgment of conviction

that includes a sentence is final.  18 U.S.C. § 3582(b).  The defendant points to no authority indicating the Court has jurisdiction to modify the final judgment in this case.[1] The defendant does not seek, and the facts do not support, any modification under Rule 35, Rule 36, or § 3582(c). Accordingly, there is no mechanism for the defendant to obtain his requested relief in this Court.  *United States v. Harvey,* 20 F.4th 71, 74-75 (1st Cir. 2021) (holding that the court's authority to modify a judgment is an issue of subject-matter jurisdiction).

### 2. The defendant's motion to dismiss is untimely and therefore waived.

Even if the Court had some form of subject-matter jurisdiction, dismissal is unavailable because it is untimely and has been waived in this case.  Non-jurisdictional motions to dismiss, as well as motions to suppress, must be filed prior to trial.  *United States v. Turner*, Nos. 23-1848 and 23-1849, 2024 WL 5232810 at *4 (1st Cir. Dec. 27, 2024) (holding that failure to seek dismissal as required by Rule 12 constitutes waiver). Here, the defendant—represented by counsel—waived indictment, agreed that he had committed the crime set forth in the indictment, and acknowledged that the government could produce sufficient evidence if the case had gone to trial.  By pleading guilty to the information, the defendant waived his ability to bring pretrial motions, including motions to suppress evidence[2] or motions to dismiss the charges.

---

[1] As a secondary matter, the relief requested in the final paragraph of the defendant's brief does not appear to be in accord with Title 18, United States Code, Chapter 227.

[2] As stated above, there is no indication that a motion to suppress would be supported, and none is actually claimed by the defendant in his motion.

After sentencing, the defendant also failed to preserve the matter for appeal, filed no appeal at all, and did not seek 2255 relief within the applicable time period.[3] The defendant cannot procedurally revive his claim at this late date.

### 3. The defendant's factual claim does not support a motion to dismiss.

The defendant's claimed harm is that the police searched a storage shed before showing a copy of the state warrant.[4] Notably, the defendant does not specify if this occurred in the first of second search. He does not claim he was not shown the warrant at all. He does not claim that any evidence was found in the shed. He does not claim that the warrant did not authorize a search of the shed.[5] All he claims is that a search was somehow "illegal." The defendant does not in any way provide a basis for why his claim of a technical irregularity in the execution of a search could or should support dismissal of this case, even had it been timely raised. Indeed, there is none, as this sort of technical, non-constitutional violation is not even basis for a motion to suppress evidence.

Courts have long held that these is no requirement under the Fourth Amendment that executing officers show the warrant before conducting the search. *United States v. Grubbs*, 547 U.S. 90, 99 (2006); *United States v. Hepperle*, 810 F.2d 836, 839 (8th Cir. 1987) (holding that under Federal Rule of Criminal Procedure 41 "law enforcement

---

[3] For the reasons set forth herein, there was no apparent basis for appeal or post appellate relief in this case, setting aside the waiver.

[4] The government does not concede the factual accuracy of the defendant's assertion, and points out that the defendant does not even allege that he was not shown a copy of the warrant at all. But, for the reasons set forth in this pleading, the accuracy of the factual allegation need not be reached.

[5] It did. Both the first warrant (Exhibit 1) and the relevant second warrant (Exhibit 2) authorize searches of any "building attached or unattached."

officials are not constitutionally required to present a copy of the search warrant prior to commencing a search, so long as the previously issued warrant is presented before the officers vacate the premises"). Even if state law did require a warrant to be shown prior to execution, this would not expand the constitutional requirement and would not implicate suppression of evidence. United States v. Porter, 654 F. Supp,2d 938, 942-43 (E.D. Ark., Sep. 16, 2009) (holding that Arkansas law requiring exhibition of search warrants did not expand Fourth Amendment requirements, and the social costs of suppression did not warrant suppression for non-constitutional violations).

But, even if state law did have a bearing on the outcome, the defendant provides no citation to state law indicating that a Maine search warrant must be shown to any person prior to execution. The relevant Maine Rules of Criminal Procedure do not, in fact, require that a warrant be shown prior to execution. The plain language of Maine Rule of Criminal Procedure 41(g) indicates that the warrant is to be provided *after* execution: "The officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken." There can be no receipt for property taken before the property is actually taken. By the same token, there can be no "person from whom the property is taken" before any property is taken. Accordingly, there is no way of reading Rule 41 to require presentation of the warrant prior to its execution.

Moreover, the defendant does not make any allegation that the alleged search of a storage shed was relevant to the collection of evidence of his crime of conviction. He does not indicate whether his allegations related to the first or second searches of his residence, which is significant because the fruits of the first search do not have an obvious connection to the count of conviction. In fact, the defendant does not state that

5

any relevant and necessary evidence was actually seized from the storage shed at all. Without such a nexus to the case at hand, there is no basis for concluding that the extraordinary relief or dismissal would be appropriate, even if the motion had been timely made with adequate legal and factual support.

## CONCLUSION

For the above-described reasons, the defendant's motion should be denied.

Respectfully submitted,

Date:  January 16, 2025

DARCIE N. McELWEE
UNITED STATES ATTORNEY

BY:  /s/CHRIS RUGE
CHRIS RUGE
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Bangor, ME
(207) 945-0373
chris.ruge@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on January 16, 2025, I electronically filed the document(s) with the Clerk of Court using the CM/ECF system and caused a copy of the document to be mailed to the following:

Scott Tarr 83866-509
FCI Fort Dix
P.O. Box 200
Joint Base MDL, NJ  08640

                                            DARCIE N. McELWEE
                                            United States Attorney

                                            BY:  /s/ Chris Ruge
                                            Chris Ruge
                                            Assistant United States Attorney
                                            United States Attorney's Office
                                            202 Harlow Street, Suite 111
                                            Bangor, ME 04401
                                            (207) 945-0373
                                            chris.ruge@usdoj.gov