**STATE OF MAINE**  
**PISCATAQUIS, ss.**

**UNIFIED CRIMINAL COURT**  
**LOCATION: DOVER-FOXCROFT**  
**DOCKET NO.** SW 20-8

IN RE: SEARCH WARRANT FOR THE  
GUILFORD] RESIDENCE AND DIGITAL  
MEDIA AT

SEARCH WARRANT  
[M.R.U. Crim. P. 41 & 41B]

To: Any officer authorized by law to execute this Search Warrant;

Affidavit having been made before me by Taylor Bagley of the Maine State Police Computer Crimes Unit; and as I am satisfied that there is probable cause to believe that grounds for the issuance of a search warrant exist; you are hereby commanded to search the place(s) or person(s) specified herein and, if the specified property is found, to seize such property and prepare a written inventory of the property seized in 14 days.

**Part I: Located on or about the property/premises described below, namely:**

A. The premises to be searched, _____ are in the town of Guilford, County of Piscataquis, Maine. The residence at _____ is a single wide bluish/gray mobile home that sits perpendicular to Pine St. The residence is marked with the number 13 on the end of the trailer facing the road and it also has a number 13 attached to the hand rail of the wooden steps that are attached to the mobile home from the driveway. The residence has gray trim around the window and on the end of the residence facing the road. The mobile home has white vinyl skirting around the entire bottom with a single white entry door on the back side of the residence. There are a set of wooden steps with no hand rail that lead up to the door at the back of the residence. The adjacent photo depicting the premises was taken by Detective Jarod Stedman on March 17th, 2020. I am familiar with the premises and will be present at the execution of the search warrant.

Government Exhibit  
1  
1:22-cr-00005

PISCATAQUIS JUD CTR  
JUL 10 '20 PM3:48

1




B. The premises include attics, basements, attached or detached garages, storage lockers, safes, buildings attached or unattached that are readily accessible to, under the control of, or used by the person(s) residing at _____ Guilford, Maine.

C. Any persons located on the premises at the time of or who arrive during the execution of the search warrant, excluding any unrelated individuals such as UPS, FedEx, etc. unless proven to be related to the investigation, including the following listed person(s):

1. Scott Tarr, date of birth: _____ 1965, of _____ Guilford, Maine.

D. Any vehicles located at the residence belonging to or under the control of any residents of _____ Guilford, Maine.

**Part II:** **There is certain property/evidence, namely:**

A. The following property to be seized from _____ Guilford, Maine:

1. Images of sexually explicit conduct involving individuals under 16 years of age (commonly known as child pornography) in any form;

2. Records or images in any form pertaining to the manufacture, possession or receipt of sexually explicit material as prohibited in 17-A M.R.S. §§ 283 and 284 (commonly called child pornography);

3. Records or images in any form relating to the identity of the individuals under 16 years of age depicted in any seized images;

4. Records or images in any form reflecting personal contact with any of the individuals under 16 years of age depicted in any seized images;

5. Records, communications, or images in any form reflecting personal contact with Janah Clark ;

6. Records or images in any form reflecting access to, or payment for access to, websites containing or relating to of sexually explicit material as prohibited in 17-A M.R.S. §§ 283 and 284 (commonly called child pornography);

7. Computers, portable electronic devices and digital storage media of any kind. As used both above and below, the terms "computers, portable electronic devices and digital storage media" include any electronic system or device capable of storing and/or processing data in digital form, including: central processing units; laptops, tablets or notebook computers; wireless communication devices such as cellular telephones: peripheral input/output devises, routers and networking equipment and drives intended for removal media; related communications devices such as modem, cables, and connections; storage media such as hard disk drives, optical media, thumb drives, magnetic tapes, and memory chips; and security devices;

8. Camera or imaging equipment of any kind, as well as any storage medium that could be used to store images, whether digital, film or paper;

9. Records or images in any form suggesting a sexual interest in individuals under 16 years of age and their activities. These items are to include collections of photographs or magazines containing images of children and/or adolescents;

10. Records in any form indicative of occupancy or ownership of the premises described in the search warrant (the Premises);

11. Records or images in any form that indicate ownership or use of computers, portable electronic devices, digital storage media, camera or imaging equipment found in the Premises; and

12. Records or images of the use of Facebook including but not limited to the Facebook account

B. To further search the computers, portable electronic devices and digital storage media seized during the search of _____ Guilford, Maine for the following:

3

PISCATAQUIS JUD CTR
JUL 10 '20 PM3:48

1. Images of sexually explicit conduct involving individuals under 16 years of age (commonly called child pornography), in any form;

2. Records or images in any form pertaining to the manufacture, possession or receipt of sexually explicit material as prohibited in 17-A M.R.S. §§ 283 and 284 (commonly called child pornography);

3. Records or images in any form relating to the identity of the individuals under 16 years of age depicted in any seized images;

4. Records or images in any form reflecting personal contact with any of the individuals under 16 years of age depicted in any seized images;

5. Records, communications, or images in any form reflecting personal contact with Janah Clark;

6. Records or images in any form reflecting access to, or payment for access to, websites containing or relating to of sexually explicit material as prohibited in 17-A M.R.S. §§ 283 and 284 (commonly called child pornography);

7. Records or images in any form suggesting a sexual interest in individuals under 16 years of age and their activities. These items are to include collections of photographs or images containing images of children and or adolescents;

8. Records in any form indicative of occupancy or ownership of the premises described in the search warrant (the Premises);

9. Records or images in any form that indicate ownership or use of computers, portable electronic devices, digital storage media, camera or imaging equipment found in the Premises; and

10. Records or images of the use of Facebook including but not limited to the Facebook account

All of which constitute evidence of the crimes of dissemination of sexually explicit material in violation of 17-A M.R.S. § 283 and possession of sexually explicit material in violation of 17-A M.R.S. § 284, which are subject to search under M.R.U. Crim. P. 41 & 41B.

This Court is authorized to issue this warrant pursuant to 15 M.R.S. §§55 & 56. PISCATAQUIS JUD CTR
JUL

4

It is further authorized that in the event that computers, portable electronic devices or electronic data storage devices or email content are in fact seized, they may be examined by a trained forensic examiner from the Maine State Police Computer Crimes Unit, or any other State or federal law enforcement agency qualified to do so, either at the place of seizure or upon removal of the equipment to a forensic lab, or both. This warrant further authorizes the exporting of data from any digital device for subsequent forensic examination. It is further authorized that civilian employees of the Maine Department of Public Safety, or any law enforcement agency may assist in the execution of this warrant. Finally, the Court orders that providing the inventory and warrant to the subject at the time of seizure in compliance with MAINE RULES OF UNIFIED CRIMINAL PROCEDURE Rule 41 (g) is a means reasonably calculated to be effective in accordance with M.R.S. Title 16 §643 (1)&(2).

**DAYTIME WARRANT ONLY**

This warrant shall be executed between the hours of 7:00 A.M. and 9:00 P.M., and shall be returned, together with a written inventory, within 14 days of the issuance hereof, to the Maine District Court located in Dover-Foxcroft, Maine.

Issued in Bangor, Maine in the County of Penobscot this 30th day of June at 3:55 AM/PM.

_____
District Court Judge / Justice of the Peace

PISCATAQUIS JUD CTR
JUL 10 '20 PM3:48