UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:22-cr-00005-JAW-1 |
| | ) | |
| SCOTT TARR | ) | |

**ORDER DISMISSING MOTION TO DISMISS**

An incarcerated defendant serving a one-hundred-and-fifty-one-month sentence for possession of child pornography moves the court to dismiss the charge, claiming the Maine State Police illegally searched his storage shed without a warrant prior to sentencing. Concluding the defendant's allegations of a Fourth Amendment violation lack factual basis and are untimely, and that the defendant has no pathway to relief, the court dismisses the defendant's motion to dismiss.

**I.   BACKGROUND**

On January 14, 2022, Scott Tarr was charged with one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(A), and 2252A(b)(2), for which he waived his right to proceed by indictment on January 28, 2022. *Info.* at 1 (ECF No. 1); *Oral Waiver of Indictment* (ECF No. 9). The Information included a forfeiture allegation. *Info.* at 2. On January 28, 2022, Mr. Tarr pleaded guilty to Count One of the Information and consented to the forfeiture. *Min. Entry* (ECF No. 14). On January 5, 2023, the Court sentenced Mr. Tarr to a term of incarceration of one-hundred and fifty-one months, ten years of supervised release, $8,000 in restitution, and a $100 special assessment. *Min. Entry* (ECF No. 34); *J.*

(ECF No. 36). The Court entered a final order of forfeiture that same day. *Final Order of Forfeiture* (ECF No. 38). Mr. Tarr did not appeal.

On December 5, 2024, Mr. Tarr moved the Court to dismiss his case, claiming his sentence should be reduced to "time served" due to "a[n] illegal search of [his] residence" prior to the Government's filing of the information. *Mot. to Dismiss* (ECF No. 40) (*Def.'s Mot.*). On January 16, 2025, the Government opposed Mr. Tarr's motion. *Gov't's Resp. to Def.'s Mot. to Dismiss* (ECF No. 42) (*Gov't's Opp'n*). Mr. Tarr did not file a reply.

## II. THE PARTIES' POSITIONS

### A. The Defendant's Motion to Dismiss

Mr. Tarr's motion challenges his conviction "[o]n grounds[] that Maine State Police illegally searched my storage shed without showing a search warrant." *Def.'s Mot.* at 1. He reports that he has "a witness to the illegal search" and asserts that "[i]t is illegal to search any building without showing a search warrant." *Id.* (collecting legal authority). He says that he "would like [his] case dismissed on these grounds" and requests "[t]ime served[,] [c]ondition of monitored internet for a five or ten year length, and r[e]quire a five year sex offender treatment class[,] [t]hen in five years[] see where I stand." *Id.*

### B. The Government's Opposition

The Government argues that the Defendant's motion to dismiss cannot be granted because (1) the judgment in this case is final and not subject to modification by the Court; (2) the Defendant's failure to make a timely motion before his guilty

2

plea constitutes a waiver of this motion to dismiss; and (3) the Defendant's factual claim does not support a motion to dismiss. *Gov't's Opp'n* at 1.

Beginning with the factual background of this case, the Government states that "the record in this matter does reflect facts acknowledged by the defendant at his plea and at his sentencing, specifically in the acknowledged Prosecution Version of the Offense and the uncontested portions of the Presentence Report. *Id.* (internal citations omitted). The Government additionally reports that Mr. Tarr's residence in Guilford, Maine was the subject of two state search warrants, executed on July 1, 2020 and April 2, 2022, respectively. *Id.* at 2 (citing *Presentence Investigation Report* ¶¶ 4-11 (ECF No. 21) (*PSR*)). The second of these searches under warrant discovered devices, specifically cell phones, containing the child pornography giving rise to his charge. *Id.* (citing *PSR* ¶ 10). The Government reminds the Court that the Defendant "admitted to his possession and trafficking of child pornography in both instances." *Id.* (citing *PSR* ¶¶ 4, 10).

The Government turns to its legal arguments. First, the Government contends the Court must reject the Defendant's motion to dismiss because it lacks jurisdiction to grant the relief requested. *Id.* at 2-3. "As a preliminary matter," the Government says, "the defendant's judgment is final and not subject to a motion to dismiss." *Id.* at 2 (citing *Dillon v. United States*, 560 U.S. 817, 824-25 (2010) (recognizing a general rule of finality in criminal judgments)). A judgment of conviction that includes a sentence is final pursuant to 18 U.S.C. § 3582(b), the Government says, and the

Defendant does not seek any modification under Federal Rule of Criminal Procedure 35 or 36, or 18 U.S.C. § 3582(c). *Id.* at 3.

Second, the Government argues dismissal of the Defendant's motion is required because it is untimely and, therefore, the asserted arguments have been waived. *Id.* "Non-jurisdictional motions to dismiss, as well as motions to suppress, must be filed prior to trial," the Government says. *Id.* (citing *United States v. Turner*, 124 F.4th 69, 77 (1st Cir. 2024) (holding that failure to seek dismissal as required by Federal Rule of Criminal Procedure 12 constitutes waiver) (citation corrected)). Here, the Government says, the Defendant, who had the assistance of counsel, waived indictment, agreed that he had committed the crime set forth in the information, and acknowledged that the Government could produce sufficient evidence if the case had gone to trial. *Id.* "By pleading guilty to the information, the defendant waived his ability to bring pretrial motions, including motions to suppress evidence or motions to dismiss the charges," the Government insists. *Id.* It further contends that Mr. Tarr failed to preserve the matter for appeal at sentencing, did not subsequently file an appeal, and did not seek habeas corpus relief within the applicable period. *Id.* at 4.

Third, the Government argues the Defendant's allegation that the Maine State Police searched a storage shed before showing him the warrant is unsupported by the factual record, pointing out that "[n]otably, the defendant does not specify if this occurred in the first o[r] second search." *Id.* at 4. The Government further highlights that the Defendant does not claim he was not shown the warrant at all, or that the

4

police uncovered any evidence in their search of the shed, or that either search of the shed exceeded the scope of the relevant warrant. *Id.* "All he claims," the Government says, "is that a search was somehow 'illegal.'" *Id.* The Government says this is insufficient, as there is no requirement under the Fourth Amendment that executing officers show the warrant prior to conducting a search and the Defendant has not shown that Maine state law requires such a showing. *Id.* at 4-5 (citing, e.g., *United States v. Grubbs*, 547 U.S. 90, 99 (2006)).

At bottom, the Government urges the Court to dismiss the Defendant's requested dismissal. *Id.* at 6.

### III. LEGAL DISCUSSION

The law generally prohibits a trial court from resentencing a defendant, and federal law provides that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *United States v. Griffin*, 524 F.3d 71, 83 n.13 (1st Cir. 2008). There are few avenues for a defendant to obtain relief from a trial court's sentencing judgment, but none open to Mr. Tarr based on his present motion.

Federal Rule of Criminal Procedure 35(a) allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). According to the advisory committee, the "authority to correct a sentence under [Rule 35(a)] is intended to be very narrow and to extend only to . . . errors which would almost certainly result in a remand of the case . . . ." FED. R. CRIM. P. 35(a) advisory committee's note (1991 Amendments); *United States v. Houston*, 529 F.3d 743, 749 (6th Cir. 2008) (limiting the application of Rule 35(a) to "'obvious error or mistake'

5

that would have resulted in a remand by the appellate court"); *United States v. Fields*, 552 F.3d 401, 404 (4th Cir. 2009) ("[T]he Rule requires some reversible error at the initial sentencing").

Unfortunately for Mr. Tarr, his aversions regarding an "illegal search" in his case fail to meet this standard for "clear error." First, the Government correctly points out that Mr. Tarr provides only the most skeletal of allegations regarding the basis of the alleged illegality. He does not state at which search, the first or the second, the police purportedly failed to show him a warrant, does not claim relevant material (or any material at all) was seized from the shed during the allegedly illegal search, and does not aver the shed was outside either warrant's scope. He also failed to provide any legal authority in support of his proposition that, in Maine, state police officers must exhibit a search warrant prior to undertaking the authorized search.

The Government, for its part, attached two search warrants, signed by state district court judges, which appear facially valid. The first warrant describes with particularity that the warrant authorized search of, among other parts of the property, "[t]he premises include[ing] attics, basements, attached or detached garages, storage lockers, safes, buildings attached or unattended that are readily accessible to, under the control of, or used by the person(s) residing." *Gov't's Opp'n*, Attach. 1, *Ex. Signed 1st Residence Search Warrant (J. Lucy)* at 2. Similarly, the second warrant describes its authorized scope to include other parts of the property. *Id.*, Attach. 2, *Ex. Signed 2nd Residence Search Warrant (J. Stitham 3.29.21)* at 2 ("The premises include attics, detached garages, storage lockers, safes, buildings

attached or unattached that are regularly accessible to, under the control or, or used by the person(s) residing"). This detailed description of "[t]he premises" is sufficiently broad to include a storage shed. Further, the presentence investigation report confirms that Mr. Tarr was present at both searches and agreed to speak to law enforcement, by all accounts voluntarily, and that in these conversations he confessed to downloading child pornography. *PSR* ¶¶ 4, 10. The Court sees no reason to conclude an illegal search occurred.

Any claim the Defendant has pursuant to Rule 35 fails for an additional reason. In *United States v. Aqua-Leisure Industries, Inc.*, 150 F.3d 95, 96 (1st Cir. 1998), the First Circuit observed that "[a] lawful sentence, lawfully imposed, becomes final when judgment is entered; and Federal Rule of Criminal Procedure 35 was deliberately amended to restrict the opportunity for a district judge to revisit thereafter a lawful sentence lawfully imposed." *Id.* at 96. Rule 35(a) imposes a strict fourteen-day deadline after sentencing for a court to correct such an error, FED. R. CRIM. P. 35(a) ("<u>Within 14 days after sentencing</u>, the court may correct a sentence that resulted from arithmetical, technical, or other clear error") (emphasis supplied), and Mr. Tarr filed his current motion on December 5, 2024, almost two years after judgment was entered. Thus, any evidentiary claim Mr. Tarr may have had pursuant to Rule 35 would be untimely at this stage of his case, as judgment was entered on January 5, 2023. *J.*

Neither does Mr. Tarr's motion find any support in Federal Rule of Criminal Procedure 36. Rule 36 allows the Court to "correct a clerical error" or "an error in the

7

record arising from oversight or omission," FED. R. CRIM. P. 36.  However, "[a]n error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of [Rule 36]."  3 CHARLES ALAN WRIGHT & SARAH N. WELLING, FEDERAL PRACTICE AND PROCEDURE § 641, at 771-73 (4th ed. 2011); *accord United States v. Fahm*, 13 F.3d 447, 454 n.8 (1st Cir. 1994) ("Rule 36 is considered generally inapplicable to *judicial* errors and omissions") (emphasis in original).  There is no allegation of any clerical error here.

Finally, the Court sees no pathway to relief pursuant to 18 U.S.C. § 3582(c) based on Mr. Tarr's allegations, nor does the Defendant claim one.

Mr. Tarr has not demonstrated that his motion to dismiss fits within any exception to the general rule that "a lawful sentence lawfully imposed becomes final when judgment is entered," *Aqua-Leisure Indus., Inc.*, 150 F.3d at 96, and he has failed to cite any other rule to the contrary.  If Mr. Tarr believed that the search in his case was unconstitutional, he should have raised that issue long ago, before he elected to plead guilty to the criminal charge and was sentenced based on his guilty plea.  Based on the entire record, including two signed search warrants, the Court cannot conclude that Mr. Tarr has raised a genuine issue as to whether an illegal search took place and whether his current motion is timely.

## IV.    CONCLUSION

The Court DISMISSES without prejudice Scott Tarr's Motion to Dismiss (ECF No. 40).

SO ORDERED.

                                       /s/ John A. Woodcock, Jr.
                                       JOHN A. WOODCOCK, JR.
                                       UNITED STATES DISTRICT JUDGE

Dated this 14th day of February, 2025